I concur in the majority's analysis and disposition of appellant's three assignments of error. I write separately only to clarify my reason for overruling appellant's first assignment of error.
Appellant contends when the evidence is considered most favorably to him, a reasonable jury could find he acted negligently. The evidence upon which appellant relies to support his contention is the testimony offered by the victim, Mr. Moss. Mr. Moss testified, as he was running away down the hill (after the first shot), another shot struck him in the right leg. (Tr. 1, p. 138-139). Mr. Moss admitted because of the angle, appellant could very well have been firing (the second shot) into the ground. (Tr. 1, p. 160-161).
When considering the impact of this testimony, the trial court correctly noted ". . . the victim said could have been an accident. That doesn't equate to criminal negligence, but even then basically said it could have been an accident because I don't know, I had my back turned." (Tr. 2, p. 79-80). I agree with the trial court. This evidence is pure speculation and would not reasonably support a conviction on negligent assault. Had appellant testified he also shot the second shot into the ground, the result would be different.
 --------------------------- JUDGE WILLIAM B. HOFFMAN
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES